**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JEREMY THOMAS SEPANSKI,<br>Defendant. | CR 26-17-BU-WWM<br><br>ORDER DENYING MOTION TO DISMISS COUNT I |

Before the Court is Defendant Jeremy Thomas Sepanski's ("Mr. Sepanski") Motion to Dismiss Count I. (Doc. 30). On May 7th, Mr. Sepanski was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 2). Mr. Sepanski moves to dismiss the sole count of the Indictment "on the basis of [his] Second Amendment right to possess a firearm." (Doc. 30 at 1). Mr. Sepanski argues that 18 U.S.C. § 922(g)(1) "is unconstitutional, both on its face and as applied," because it terminates his right to own and possess firearms for self-defense. (Doc. 31 at 1). Mr. Sepanski argues that in the absence of a "1791-centered historical tradition of firearm dispossession for felons," he cannot be prosecuted for possession. (Doc. 31 at 1–2). The United States filed a response explaining that Count I is consistent with the Ninth Circuit's holding in *United States v. Duarte*, 137 F.4th 743, 761 (9th Cir. 2025) (en banc), *cert. denied*, 223

L.Ed.2d 556 (2026). (Doc. 32).

The standard set forth in *New York State Rifle & Pistol Association, Inc. v. Bruen* requires the government to justify a firearm regulation "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. 1, 24 (2022). In *Duarte*, the Ninth Circuit held that 18 U.S.C. § 922(g)(1)'s "permanent and categorical disarmament of felons is consistent with this Nation's historical tradition of firearm regulation." 137 F.4th at 761. Mr. Sepanski acknowledges the Ninth Circuit's holding in *Duarte* and "files this motion to preserve this issue." (Doc. 30 at 2). He notes that *Duarte* conflicts with holdings in the Third, Fifth, and Sixth Circuits. *See Range v. Att'y Gen. of U.S.*, 124 F.4th 218 (3d Cir. 2024) (en banc); *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024); *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). (Doc. 30 at 2). This Court is bound by Ninth Circuit precedent. Accordingly,

**IT IS HEREBY ORDERED** that Mr. Sepanski's Motion to Dismiss Count I (Doc. 30) is **DENIED**.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED the 27th day of August, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE